**FURR'S CAFETERIAS, INC., Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants,**

**Amalgamated Meat Cutters & Butcher Workmen of North America, Local P–777, AFL–CIO, Intervenor.**

Civ. A. No. CA–5–76–63.

United States District Court,
N. D. Texas,
Lubbock Division.

July 13, 1976.

Wm. R. Moss, Crenshaw, Dupree & Milam, Lubbock, Tex., Robert P. Tinnin, Jr., Poole, Tinnin, Danfelser & Martin, Albuquerque, N. M., for plaintiff.

John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Assoc. Gen. Counsel, William Wachter, Asst. Gen. Counsel, Sp. Lit., Washington, D. C., Hutton S. Brandon, Regional Atty., and Evert P. Rhea, Gen. Atty., N. L. R. B., Region 16, Fort Worth, Tex., for defendants.

James L. Hicks, Jr., Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for intervenor.

## ORDER

WOODWARD, District Judge.

Plaintiff files this complaint in this court seeking an injunction to require the defendants to produce certain documents, information and affidavits, listed in Paragraph 6 of the complaint, and that same be produced at least ten days prior to any hearings in NLRB Cases 16–CA–5954 and 16–CA–6440. A hearing was held in San Angelo, Texas on the 10th day of June, 1976, with counsel for all parties in attendance, and the court has heard and considered the matters so presented in the hearing as well as the pleadings and briefs of the parties. Pursuant to an oral order entered at the close of the hearing, the court entered its order of June 10, 1976, ordering the defendants to furnish to the court for an *in camera* inspection certain documents and to furnish the court affidavits or other evidence showing the confidential circumstances, if any, as contemplated by Title 5, U.S.C. § 552(b)(7)(D). Pursuant to this order, the defendants have furnished to the court the following:

1) Final Investigation Report and Legal Analysis dated April 7, 1976 from Norman W. Eckheart, attorney, to Edwin Youngblood, Regional Director.

2) Agenda information sheet dated May 27, 1976 pertaining to NLRB–16–CA–6888.

3) Agenda information sheet dated November 6, 1975 pertaining to NLRB–16–CA–6276.

4) Agenda information sheet dated March 24, 1975 pertaining to NLRB–16–CA–5954.

5) Seventeen supplemental affidavits from various persons which are identical but state that previous affidavits furnished by the affiants to the National Labor Relations Board were given with the understanding at the time that the affidavits would be kept confidential until and unless the affiant was called to testify at a hearing. Each of these matters has been examined by the court, as well as the briefs furnished by the parties in support of their respective positions.

Further, pursuant to the court's order of July 2, 1976, defendants have furnished to the court twenty-one (21) Xerox copies of affidavits.

The defendants and intervenor resist the production of the documents and affidavits sought by the plaintiff on the ground that the court has no jurisdiction and the further ground that the information sought is not covered by 5 U.S.C. § 552, the Freedom of Information Act.

■ The court has determined that it has jurisdiction to compel compliance with the provisions of the Freedom of Information Act, 5 U.S.C. § 551 et seq. *Title Guarantee Company v. NLRB,* 407 F.Supp. 498, 90 L.L.R.M. 2849, U.S.D.C. S.D.N.Y.; 5 U.S.C. § 552(a)(4)(B).

■ An examination of the first four of the items furnished for *in camera* inspection convinces the court that these documents primarily contain intra-agency memorandums which would not be available by law to a party other than an agency in litigation with the agency and therefore these items are not subject to the provisions of the Freedom of Information Act under 5 U.S.C. § 552(b)(5). These documents are not final orders of the agency which would ordinarily be discoverable but primarily contain analyses, opinions, and the thought processes of the writers of these documents.

■ While it appears from the statements of the affiants that they understood their entire affidavits were to be kept confidential until the National Labor Relations Board hearing, the Freedom of Information Act does not respect such confidentiality. The legislative history behind Section 552(b)(7)(D) supports this conclusion.

"Under this category (the confidential source), in every case where the investigatory records sought were compiled for law enforcement purposes—either civil or criminal in nature—the agency can withhold the names, addresses, and other information that would reveal the identity of a confidential source who furnished the information. However, where the records are compiled by a criminal law enforcement authority, *all* (emphasis theirs) of the information furnished only by a confidential source may be withheld if the information was compiled in the course of a criminal investigation." *U.S. Code, Congressional and Administrative News,* 93rd Congress, Second Session, 1974, at p. 6291.

■ This language supports the conclusion that while the identity of the witnesses may not be disclosed prior to trial, the contents of the affidavits sought by plaintiff in this case must be disclosed. It is the opinion of this court that 5 U.S.C. § 552(b)(7)(D) should be read as requiring disclosure of investigatory records, such as the first set of affiants' statements to National Labor Relations Board investigators in this case. The provisions of this section prohibiting the furnishing of the entire investigatory record is, in the opinion of this court, applicable only to those investigatory records compiled by a law enforcement authority in the course of a criminal investigation or an agency in the course of a national security intelligence investigation. Neither of these situations is present here.

The court has considered the twenty-one (21) affidavits (Xerox copies) presented to it by defendant, National Labor Relations Board, for the court's *in camera* inspection, and pursuant to the court's order of July 2, 1976. The court orders that the same shall be delivered no later than 10 days before the August 2, 1976 hearing to the plaintiff, Furr's Cafeterias, Inc., subject to the following qualifications: 1) initials of the affiants appearing in the affidavits shall be stricken; and 2) plaintiff, should the affidavits still reveal the affiants by implication, is hereby prohibited from approaching, contacting, calling, or otherwise seeking out and confronting the affiants prior to the presentation of each affiant's testimony at the National Labor Relations Board hearing in question.

The court feels that further efforts at editing the affidavits would tend to emasculate the whole. This conclusion is inescapable given the legislative history of the Act.

It is noted that the court has received from the attorneys involved in this case a waiver of any right to further hearing insofar as the above order is concerned, in order that this order may be made final for any appeals that may be perfected therefrom and therefore no further hearing is required or will be held insofar as the above order is concerned. However, the court expressly makes no ruling on the motion for summary judgment filed by the defendants herein.

Accordingly, the temporary injunction ordered by Paragraph V of the court's order of June 10, 1976 is DISSOLVED, but the defendants herein are hereby enjoined and prohibited from holding any hearings before the National Labor Relations Board in NLRB Cases Nos. 16–CA–5954 and 16–CA–6440, provided that said hearings may be heard as scheduled on August 2, 1976, in the event the defendants comply with the above order, but otherwise such hearings will not be held until this order is fully complied with.

This is a final order and judgment.

The documents heretofore furnished by the defendants to the court for *in camera* review will be sealed and preserved for appellate review but permission is given to the defendants to substitute copies for such originals.